UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>SHAWN WEBB FITZGERALD,<br><br>          Defendant. | No. CR-95-0202 EFL<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S "MOTION TO TERMINATE RESTITUTION RESPONSIBILITIES"**<br><br>**(Docket No. 54)** |

Defendant Shawn Webb Fitzgerald, acting pro se, has filed a motion asking that his restitution responsibilities be terminated. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** without prejudice the request for relief.

## I.   FACTUAL & PROCEDURAL BACKGROUND

In May 1995, a grand jury returned a four-count indictment charging Mr. Fitzgerald with two counts of possession of stolen United States mail (18 U.S.C. § 1708); one count of possession of a forged postal access key (§ 1704); and one count of possession of unauthorized access devices (§ 1029(a)(3)). *See* Opp'n, Ex. A (indictment).

In July 1995, Mr. Fitzgerald, while represented by counsel, entered a plea agreement. The agreement provided, *inter alia*, that Mr. Fitzgerald would plead guilty to one count of possession of stolen United States mail and one count of possession of a forged postal access key. *See* Opp'n, Ex. B (Plea Agreement ¶ 1). In addition, Mr. Fitzgerald would agree to an order for restitution, pursuant

1  to 18 U.S.C. § 3663(a)(3) (1995),[1] in the amount of $23,000. *See* Opp'n, Ex. B (Plea Agreement ¶
2  8(c)). The judgment entered by Judge Lynch in October 1995 contained these terms of the plea
3  agreement. *See* Opp'n, Ex. C (judgment). Mr. Fitzgerald did not appeal either his conviction or the
4  sentence.

## II. DISCUSSION

In the currently pending motion, Mr. Fitzgerald now challenges the restitution portion of the sentence. More specifically, he argues that the restitution portion should be terminated because Judge Lynch never made any factual findings regarding Mr. Fitzgerald's ability to pay prior to imposing the obligation. Alternatively, he contends that this Court should now terminate the restitution portion of his sentence because he does not have the present ability to pay and it is unlikely that he will have the ability to pay in the future. Mr. Fitzgerald suggests that, at the very least, the Court should conduct an evidentiary hearing regarding his likely future ability to pay. For the reasons discussed below, none of these arguments has merit.

A.  Factual Findings

Mr. Fitzgerald's first argument – *i.e.*, that Judge Lynch was obligated to make factual findings regarding Mr. Fitzgerald's ability to pay prior to ordering restitution – is foreclosed by Ninth Circuit precedent.

First, "the Ninth Circuit does not require that the defendant be able to pay in order to justify a restitution award. Imposing restitution on indigent persons is deemed appropriate in the Ninth Circuit because the defendant's future financial status is indeterminable and could change." *United States v. Jackson*, 982 F.2d 1279, 1284 (9th Cir. 1992).

Second, contrary to what Mr. Fitzgerald suggests, 18 U.S.C. § 3664 (1995) (also part of the VWPA) did not require Judge Lynch to make factual findings. The statute simply provided that

> [t]he court, in determining whether to order restitution under section 3663 of this title and the amount of such restitution, *shall consider* the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and

---

[1] Section 3663 is part of the Victim and Witness Protection Act of 1982 ("VWPA"). Section 3663(a)(3) provided as follows: "The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3) (1995).

2

> earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

18 U.S.C. § 3664(a) (emphasis added). As the Ninth Circuit held in *United States v. Cannizzaro*, 871 F.2d 809 (9th Cir. 1989), this "shall consider" language in § 3664 establishes that specific factual findings were not required. *See id.* at 810-11 (adding that "[t]here is a material difference between requiring a district court to make findings of fact and requiring it to consider certain factors").

Moreover, the Ninth Circuit in *Cannizzaro* specifically rejected the defendant's argument that factual findings were necessary in order to assure meaningful appellate review. *See id.* at 811 (stating that "[a]ppellate courts may not work substantive changes in the law in order to facilitate 'meaningful appellate review'"). Under *Cannizzaro*, the record must simply "reflect that the district judge had at his disposal information bearing on the considerations enumerated in section 3664." *Id.* In this case, the record reflects that Judge Lynch was aware of Mr. Fitzgerald's inability to pay restitution. At the hearing of October 27, 1995, Judge Lynch expressly noted that Mr. Fitzgerald should make a good faith effort to pay restitution – "[o]nly put something on every month that's reasonable in light of the assets which at the present time are nothing." Opp'n, Ex. E (Tr. at 12).

In light of the above, the Court rejects Mr. Fitzgerald's first argument in support of relief.

B. <u>Present and Future Inability to Pay</u>

The Court likewise rejects Mr. Fitzgerald's second argument. Federal Rule of Criminal Procedure 35 does not provide an avenue for relief since the petition was not timely filed within seven (7) days of imposition of sentence as was required by Rule 35(a) at the time of the sentence in 1995. Nonetheless, the district court may have other authority to alter a sentence if provided for *e.g.*, by a statute. *See United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). As the government has conceded, the Ninth Circuit has indicated that a defendant may ask a court for a remittitur based on inability to pay. *See Jackson*, 982 F.2d at 1284-85; *see also* 18 U.S.C. § 3664(k) (stating that "[a] restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution" and that, "[u]pon receipt of the notification, the court

may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require"). However, as the Ninth Circuit made clear in *Jackson*, the defendant must "demonstrate[] that he has made a good-faith effort at payment." *Jackson*, 982 F.2d at 1284.

Here, Mr. Fitzgerald has provided no evidence to support his claim that, "over the last 17 years," he has "tried to make payments on the restitution owed." Reply at 1. While the Court understands that Mr. Fitzgerald has asked for an evidentiary hearing on his ability to pay, as a practical matter, the Court will not hold a hearing without at least some evidentiary basis to indicate that he has in fact made a good faith effort at payment. Moreover, he must present some evidence showing there has been a change in his economic circumstances since his sentencing. *Cf. United States v. Chan*, No. CR 00-40146 CW, 2007 U.S. Dist. LEXIS 77303, at *5-6 (N.D. Cal. Oct. 10, 2007) (stating that, under § 3664(k), the defendant should provide "evidence of a material change in her economic circumstances that would warrant such a reduction [in monthly restitution payments[;] [s]uch evidence would be in the form of a statement of Defendant's income and expenses, and her assets and liabilities").

### III. CONCLUSION

For the foregoing reasons, the Court denies without prejudice Mr. Fitzgerald's motion to terminate restitution responsibilities.

This order disposes of Docket No. 54.

IT IS SO ORDERED.

Dated: August 22, 2012

_____
EDWARD M. CHEN
United States District Judge

4